# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. CUSHINBERRY,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT PATRICK VINSON, et al.,<br><br>Defendants. | Case No.: 17cv1794-MMA (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(Doc. No. 2)**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

On September 5, 2017, Plaintiff Gary R. Cushinberry, a non-prisoner proceeding *pro se*, submitted a complaint against Sergean Patrick Vinson and the City of San Diego pursuant to 42 U.S.C. § 1983. Compl., Doc. No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## DISCUSSION

### I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff states that he receives $193.00 in food stamps. Doc. No. 2 at 2. Plaintiff is unemployed and has been unemployed for at least one year. *Id.* at 5; *see* Compl. at ¶ 9-21. Plaintiff's total monthly expenses amount to $193.00, which he uses to purchase food with his food stamps. Plaintiff's affidavit sufficiently shows he is unable to pay the fees or post securities required to maintain this action. As such, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## II. Screening Pursuant to 28 U.S.C. § 1915

Because Plaintiff is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). In accordance with that section, the Court must *sua sponte* dismiss a Plaintiff's IFP complaint, or any portion of it, which is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(III); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)92(B) are not limited to prisoners."). The

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 can serve as an independent basis for dismissal of claims. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Rule 8(d) requires that plaintiffs file "simple, concise, and direct" pleadings. *Id*. Pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). A pleading lacking "simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). States and state officers sued in their official capacity are not "persons" for the purposes of a § 1983 action, and generally, they may not be sued under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their

individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

In reviewing complaints, courts must assume the truth of all factual allegations and must construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009); *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000).

As currently pleaded, the Court finds allegations in Plaintiff's complaint which are sufficient to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each named Defendant. In addition, the Clerk is directed to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (Doc. No. 1) and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the

instructions provided by the Clerk in the letter accompanying his IFP package.

3. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

4. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 7, 2017

Hon. Michael M. Anello
United States District Judge